UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FAROUK BHUIYAN,** | Civ. No. 2:12-00362 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Farouk Bhuiyan, a former electrician's helper with back pain stemming from a heavy lifting accident and a car crash, brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") granting in part and denying in part his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") Benefits. For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    Bhuiyan sustained a workplace accident on May 22, 2006 while performing heavy lifting, apparently in his capacity as an electrician's helper. Administrative Transcript ("Tr.") 19, 29; ECF No. 8. The accident caused significant lower back pain radiating into Bhuiyan's left leg. *Id.* at 164. On June 7, 2006, Dr. Tarek Mardem-Bey examined Bhuiyan and noted difficulty walking. *Id*. A test for straight leg raising bilaterally came back positive. *Id.* A June 2, 2006 MRI revealed a degenerated bulging disc with left paracentral disc protrusion. *Id.* at 170. One month later, pain management specialist Dr. Sanjiv Parikh observed mild reversal of the lumbar lordosis and an antalgic gait. *Id.* at 171. In accordance with Dr. Parikh's recommendation, Bhuiyan received steroid injections on July 6, 2006, July 21, 2006, and August 8, 2006. *Id*. at 171-74. An August 22, 2006

1

evaluation revealed improvement. Bhuiyan had a normal gait, and his motor, sensory, and deep tendon reflex examination was normal in both extremities. *Id.* at 175. Dr. Parikh noted no objective findings of pain. *Id.* at 176. On September 2, 2006, Bhuiyan underwent microlaminotomy and microdiskectomy surgery. *Id.* at 237. His reflexes were intact, and his neurological examination showed no deficits. *Id.* at 266.

On May 17, 2007, Bhuiyan got into a car accident. *Id.* at 290. An MRI taken two months later revealed a left central herniated disc at the C5-C6 level with cervical cord compression. *Id.* at 342.

Bhuiyan applied for benefits on April 16, 2007. Tr. 17. He alleged a disability onset date of May 22, 2006. Bhuiyan's claims were denied and then denied again upon reconsideration. *Id.* Bhuiyan requested a hearing, which took place on October 21, 2009. *Id.* At the hearing, Bhuiyan testified that he was experiencing continuous pain stemming from a workplace accident in May 2006 and a car accident in 2007. *Id.* at 29. Less than two weeks later, ALJ Dennis O'Leary issued a written decision concluding that Ortega was disabled from May 17, 2007 (the date of the car accident) through November 2, 2009. *Id.* at 23. The ALJ also concluded that Bhuiyan was not disabled from May 22, 2006 (the date of the workplace accident) through May 17, 2007 (the date of the car accident). *Id.* The Appeals Council denied review. *Id.* at 1. In denying review, the Appeals council did not consider a legal memorandum submitted by Bhuiyan.

## II. LEGAL STANDARD

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A ("Part A"). If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the RFC to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step

five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

For purposes of this appeal, the court's review of legal issues is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). The ALJ's factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

### III.   ALJ O'LEARY'S DECISION

At step one, the ALJ concluded that Bhuiyan has not engaged in substantial gainful activity since his alleged disability onset date of May 22, 2006.  Tr. at 19.  At step two, the ALJ concluded that Bhuiyan's back disorder was a severe impairment since May 22, 2006.  *Id.*  At step three, the ALJ concluded that Bhuiyan's impairments did not meet or medically equal one of the impairments listed in Part A.  *Id.* at 20.  At step four, ALJ concluded that since May 22, 2006, Bhuiyan could not perform his past relevant work as an electrician's helper.  The ALJ also concluded that from May 22, 2006 through May 17, 2007, Bhuiyan had the "residual functional capacity" ("RFC") to perform sedentary work, which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404 .1567.  *Id.* at 20-21.  Additionally, the ALJ concluded that from May 17, 2007 through November 2, 2009, Bhuiyan had the RFC to perform sedentary work with the exception of work that required him to crawl or climb ladders and balance or crouch more than occasionally.  *Id.* at 21-22.  At step five, the ALJ concluded that from May 22, 2006 through May 17, 2007, Bhuiyan was not disabled because he could perform sedentary work that was available in the national economy.  *Id.* at 23.  However, the ALJ concluded that Bhuiyan was disabled from May 17, 2007, through November 2, 2009.  *Id.*

### IV.   DISCUSSION

Bhuiyan challenges that ALJ's determination that he was "not disabled" from May 22, 2006 through May 17, 2007.  Bhuiyan makes the following

arguments: (1) the Appeals Council did not consider arguments contained in a memorandum of law; (2) the ALJ's credibility determination was not supported by substantial evidence; and (3) the ALJ did not properly consider the evidence.

### A. The Appeals Council's Failure To Consider A Legal Memorandum Does Not Warrant Reversal or Remand

It appears that the Appeals Council failed to consider a legal memorandum Bhuiyan submitted on May 17, 2011. That error does not warrant reversal or remand.

Social Security Administration regulations provide:

> In reviewing decisions based on an application for benefits, the Appeals Council will consider the evidence in the administrative law judge hearing record and any new and material evidence . . . .

20 CFR § 416.1476(b)(1). Bhuiyan's May 17, 2011 legal memorandum did not contain new and material evidence. Pl.'s Br.; ECF No. 12 at 7-12. Accordingly, the Appeals Council did not commit reversible error in failing to consider it. *Smith v. Astrue*, No. 8-1912, 2009 WL 3241758, at *11 (S.D. Tex. 2009) (Appeals Council's failure to consider legal memorandum not reversible error where memorandum did not provide new and material evidence); *see also Guy v. Social Sec. Admin.*, 2011 WL 2224879, No. 11-132, at **1-2 (M.D. Tenn. June 8, 2011) (agreeing with *Smith*).

### B. The ALJ's Credibility Determination Was Supported By Substantial Evidence

In finding that Bhuiyan could perform sedentary work from May 22, 2006 through May 17, 2007, the ALJ determined that Bhuiyan's complaints of pain were exaggerated. Tr. 20-21. The ALJ's credibility determination was supported by substantial evidence.

"Allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529). "Although the ALJ is required to consider the claimant's subjective complaints of pain, the ALJ may reject these complaints when inconsistent with objective medical evidence or other evidence in the record." *Harris v. Comm'r of Soc. Sec.*, No. 11-2961, 2012 WL 4504486, at *8 (D.N.J. Sept. 27, 2012) (citing *Hartranft*). As part of his analysis, an ALJ can consider an individual's description of his daily activities. *See Hartranft*, 181 F.3d

4

at 362.  Substantial evidence must support a finding that a claimant's subjective complaints of pain are not credible.  *See Giese v. Comm'r of Soc. Sec.*, 251 F. App'x 799, 803 (3d Cir. 2007).

The ALJ relied on the entire record when he determined that Bhuiyan's pain would not prevent him from performing sedentary work.  Tr. 21.  The ALJ noted that Bhuiyan "retained the capacity to function adequately to perform many basic activities associated with work."  *Id.*  Indeed, even after the car accident that aggravated his medical problems, Bhuiyan could walk one-quarter mile to one-half mile, watch television, drive short distances, and take his children to school.  *Id.* at 59, 143-46.  Additionally, the ALJ noted an August 22, 2006 evaluation performed by Dr. Parikh that revealed "no objective finding" of pain.  *Id.* at 21.  For his part, Bhuiyan does not cite any evidence suggesting that the ALJ's credibility determination was wrong.  *Cunningham v. Comm'r of Soc. Sec.*, 2012 WL 6200379, at *5 (3d Cir. 2012) (ALJ's credibility decision was supported by substantial evidence where plaintiff cited no objective medical evidence suggesting that ALJ's analysis of pain was incorrect).  The Court finds that the ALJ's credibility determination was supported by substantial evidence. [1]

### C.    The ALJ Considered The Entire Record

Lastly, Bhuiyan argues that the ALJ's finding of non-disability failed to "give appropriate credit to the plaintiff for the severity of his initial injuries."  Pl.'s Br.; ECF No. 12 at 17.  In support of this argument, Bhuiyan refers generally to the "compelling nature of the treatment" he received from May 22, 2006 through May 17, 2007.  *Id.* at 16.  Bhuiyan also refers to a medical note stating that Bhuiyan had "tried and failed other conservative care including physical therapy, rest, and analgesics."  *Id.* at 17.

As an initial matter, the ALJ considered the severity of Bhuiyan's injuries.  Tr. 19-21.  Indeed, the ALJ recognized that Bhuiyan's back disorder was a severe

---

[1] Bhuiyan also argues that the ALJ's credibility determination was incorrect under *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).  The plaintiff in *Reddick* suffered from Chronic Fatigue Syndrome ("CFS").  CFS is a "self-reported" ailment.  *Id.* at 726.  Doctors who treat CFS patients are forced to rely on subjective complaints.  Yet, the ALJ in *Reddick* refused to credit doctors' assessments because they were not based on objective medical evidence.  The Ninth Circuit found that the ALJ's weighing of the assessments was not supported by substantial evidence.  Bhuiyan argues that *Reddick* required the ALJ to give more weight to Bhuiyan's subjective complaints of pain.  But *Reddick* is inapposite here because Bhuiyan does not have CFS and because he does not argue that the ALJ incorrectly weighed particular assessments based on his subjective complaints of pain.  *See Morris v. Barnhart*, 78 Fed. App'x 820, 824 (3d Cir. 2003) ("[H]ighly relevant to the *Reddick* court was the fact [that] chronic fatigue syndrome [is], by definition a 'self-reported' impairment.'").

5

impairment.  *Id.* at 19.  In support of this finding, the ALJ cited a June 2, 2006 MRI showing a degenerated bulging disc.  *Id.*  The ALJ also noted that Bhuiyan underwent three steroid injections, as well as a discectomy.  *Id.* at 20.

 Bhuiyan suggests that the ALJ effectively ignored the discectomy because he relied on an earlier examination by Dr. Parikh that revealed "no objective findings of pain."  Pl.'s Br.; ECF No. 12 at 12, 16-17.  But as Bhuiyan notes, Dr. Parikh believed that the discectomy could provide "functional restoration."  *Id.* at 17.  Bhuiyan cites no evidence demonstrating that the discectomy failed to provide such restoration.

 Next, Bhuiyan argues that the ALJ disregarded negative findings in April 17, 2007 treatment records referenced by the ALJ.  The ALJ explicitly cited the April 17, 2007 treatment records in his opinion.  Tr. 21.  While the ALJ did not cite every note contained in the records, there is no reason to believe the ALJ ignored the facts he did not cite.  *See Berner v. Astrue*, No. 8-3617, 2009 WL 2356905, at *15 (D.N.J. July 29, 2009) ("[T]he ALJ is not required to explicitly discuss every piece of evidence.").

 Bhuiyan contends that the ALJ should have given more weight to a note indicating that Bhuiyan still had chronic lower back pain on April 17, 2007.  Pl.'s Br.; ECF No. 12 at 11.  Bhuiyan also contends that the ALJ should have relied more heavily on a study documenting a posterior angular tear at the L4-L5 level and noting that Bhuiyan had low back pain following his discectomy procedure.  *Id.*  But "[t]he ALJ is ultimately the trier of fact, and thus has the discretion to weigh the evidence and resolve any material conflicts that arise."  *Aldridge v. Astrue*, No. 11-1978, 2011 WL 6720115, at *5 (D.N.J. Dec. 20, 2011).  While the April 17, 2007 notes suggest that Bhuiyan continued to experience back pain, they do not document the severity of the pain or any associated limitations.

 As noted earlier, the Court accepts the ALJ's determination that Bhuiyan's problems were not as debilitating as he claimed.  While another ALJ might have given more or less weight to the evidence, and while another ALJ might have evaluated credibility differently, this Court is tasked only with determining whether the ALJ considered the record and whether there was more than a scintilla of evidence supporting the finding that Bhuiyan could perform sedentary work from May 22, 2006 through May 17, 2007.  The Court finds that the ALJ considered the record.  Given that there were no objective findings of pain on August 22, 2006, given that Bhuiyan underwent a procedure that had the potential to restore full functionality, and given that Bhuiyan was able to perform daily work activities, the Court finds that there was more than a scintilla of evidence that Bhuiyan could perform sedentary work from May 22, 2006 through May 17, 2007.

6

## V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. An appropriate Order follows.

_/s/ William J. Martini_
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 22, 2013**